# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5322 | **DATE** | 10/26/2012 |
| **CASE TITLE** | Shirley Monroe vs. Deutsche Bank National Trust Company | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, defendant Deutsche Bank National Trust Company's "Motion to Dismiss for Lack of Jurisdiction" [10] is granted. Plaintiff Shirley Monroe's complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) without prejudice for lack of subject-matter jurisdiction. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

On July 6, 2012, pro se plaintiff Shirley Monroe ("Monroe") filed a complaint against defendant Deutsche Bank National Trust Company ("Deutsche Bank"), alleging that Deutsche Bank was the recipient of a void, invalid, and fraudulent assignment of title to Monroe's property, in violation of Monroe's "rights to due process of law and equal protection of the law under the United States Constitution of America," as well as "UCC Article 3 thru 9" and "contract law federal and state." (Dkt. No. 1 ("Compl.") at p.6-7.) Specifically, Monroe alleges that Mortgage Electronic Registration System (MERS), as nominee for original lender Indymac Bank FSB, attempted to convey Monroe's mortgage to Deutsche Bank "without valid consent from the original lender or the borrower." (Id. at 6.) Monroe seeks relief in the form of "a Quiet Title Judgment determination" and $1 million in actual and punitive damages, as well as additional injunctive relief. (Id. at 6-7.)

Deutsche Bank has filed a motion to dismiss for lack of jurisdiction (Dkt. No. 10), arguing that Monroe's Complaint "does not present this Court with a federal question, nor purports diversity jurisdiction." (Id. ¶ 3.) Deutsche Bank also notes that Monroe's property is currently in foreclosure proceedings before the Circuit Court of Cook County, and further argues that, "pursuant to the Rooker-Feldman Doctrine, this Court clearly lacks jurisdiction to determine the issue presented by [Monroe]." (Id. ¶¶ 1, 5.)

At the pleading stage, it is Monroe's burden to set forth "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Additionally, as the party asserting federal jurisdiction, Monroe "has the burden of proof to show that jurisdiction is proper." *Travelers Property Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). Pursuant to the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## STATEMENT

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Monroe states in her Complaint that she is bringing a cause of action based on 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 681 (7th Cir. 2005). Monroe's allegations do not satisfy the second element of a § 1983 claim. In other words, Monroe has alleged that she was deprived of her constitutional rights of due process and equal protection, but she has not alleged that Deutsche Bank acted under color of state law. Because Deutsche Bank is not a state actor as that term is used in the law, Monroe has failed to plead a plausible cause of action under § 1983. *See Hoskins v. TCF Nat. Bank*, 248 Fed. App'x 742, 743 (7th Cir. 2007) ("Hoskins cannot proceed with his federal claim under § 1983 because his allegations against the bank describe purely private business activities. The bank is not a state actor."). Monroe's remaining claims are based on state law, and therefore cannot support federal jurisdiction in this case. Monroe has not alleged any other basis for federal court jurisdiction in this case. If Monroe desires to pursue her state law claims, she will have to proceed in state court.

For the reasons set forth above, the court has determined that it lacks subject-matter jurisdiction over the claims set forth in Monroe's Complaint. Deutsche Bank's motion to dismiss is therefore granted, and Monroe's Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.